503 So.2d 705 (1987)
Elton DEVILLE, Plaintiff-Appellant,
v.
The WATCH TOWER BIBLE AND TRACT SOCIETY, INC., et al., Defendants-Appellees.
No. 86-302.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1987.
Elton Deville, in pro. per.
Michael D. Zelden of Simmons, Zelden & Defrances, Baton Rouge, for defendants-appellees.
Before GUIDRY, STOKER and LABORDE, JJ.
GUIDRY, Judge.
This is a defamation action. Plaintiff appeals the trial court's grant of a directed verdict in favor of defendants, dismissing his action with prejudice.
Plaintiff, Elton Deville, instituted this defamation suit against The Watch Tower Bible and Tract Society, Inc., Farris J. Miller, Harry Simon, Robert Young and Howard Dobson, alleging that during his disfellowship from the Crowley congregation of the Jehovah's Witnesses in September 1981, it was publicly pronounced by defendants that he was "unfit to be a Christian".[1]
On July 19, 1985, following the disposition of several exceptions filed by defendants, a trial date was fixed for January 29, 1986. All parties filed pre-trial briefs in compliance with the pre-trial order. On the day of trial, Deville, representing himself, *706 informed the court that the witnesses which he had intended to question at trial (defendants Miller, Simon and Young), were not present in the courtroom. When asked by the trial judge if he had subpoenaed these witnesses, Deville confessed that he did not know that he was supposed to subpoena them. La.C.C.P. art. 1634. Deville thereafter moved for a continuance, which was denied by the trial judge. Having determined that Deville had no other evidence to offer at trial, defendants' counsel moved for a directed verdict. The trial judge granted defendants' motion for a directed verdict and dismissed plaintiff's suit with prejudice. Formal judgment dismissing plaintiff's suit was signed on February 12, 1986.
The single issue on appeal is whether the trial court erred in denying plaintiff's motions for a continuance and for a new trial.[2]

CONTINUANCE
Plaintiff-appellant argues that the trial judge erred in refusing to grant him a continuance. We find no merit to this argument for the following reasons.
As mentioned earlier, a trial date was fixed for this matter on July 19, 1985, over six months prior to the date set for trial. Plaintiff failed to subpoena the witnesses that he intended to call to give testimony in support of his defamation suit. His only explanation to the trial judge as to his failure to subpoena those witnesses was that he did not know that he was supposed to subpoena them, since they were defendants in the action.
Although the courts may not always hold a layman to the same standards of skill and judgment that is required of an attorney, when he chooses to appear in proper person, he assumes all responsibility for his own inadequacy and lack of knowledge of procedural and substantive law. Alexander v. Town of Jeanerette, 371 So.2d 1245 (La.App. 3rd Cir.1979); Rochon v. Consolidated Construction Company, 452 So.2d 404 (La.App. 3rd Cir.1984).
Deville chose to represent himself in the instant case, as he has in numerous other previous cases before the trial and appellate courts of this state. In brief, Deville admits that he simply forgot to subpoena the defendants who were to serve as the sole witnesses in support of his defamation action. Deville argues that the reason for his forgetfulness was a heart illness which he has been suffering from since November of 1984. At no time did Deville present this argument to the trial court when seeking a continuance of his case. Rather, the sole explanation given to the trial court for his failure to subpoena his intended witnesses was that he did not know that he had to do so.
The granting of a continuance on grounds other than those listed in La.C. C.P. art. 1602[3] rests within the sound discretion of the trial court. La.C.C.P. art. 1601; Superior Oil Co. v. Van Breemen, 378 So.2d 444 (La.App. 3rd Cir.1979). The trial judge's ruling on a motion for continuance will not be disturbed absent a clear showing of an abuse of discretion. Rodriguez-Farr Insurance Agency, Inc. v. Sharp, 431 So.2d 889 (La.App. 2d Cir.1983), writ denied, 439 So.2d 1075 (La.1983). We find no abuse of the trial court's discretion in denying a continuance to a party whose unpreparedness is totally unjustified. By choosing to represent himself, Deville assumed the responsibility of familiarizing himself with applicable procedural and substantive law. His failure to do so does not give him any greater rights than a litigant represented by an attorney. We therefore find no error in the trial court's refusal to grant plaintiff's motion for continuance.

*707 NEW TRIAL
Following the trial court's judgment granting defendants' motion for a directed verdict, Deville filed a motion for a new trial. This motion was denied by the trial court on February 12, 1986. Appellant asserts on appeal that the trial court erred in refusing to grant him a new trial. Appellant sets forth in brief that since the time of trial, he has learned the names and addresses of several other witnesses that he could produce at a new trial in support of his defamation claim against defendants.
La.C.C.P. art. 1972 provides that a new trial shall be granted where a party has discovered, since the trial, evidence important to the cause which he could not, with due diligence, have obtained before or during the trial. There is nothing in the record to indicate any reason why the additional evidence could not have been obtained prior to trial. On the contrary, the record clearly reflects that appellant failed to use any diligence in subpoenaing his known witnesses, much less the witnesses which he has since allegedly discovered. We therefore find no error in the trial court's denial of Deville's motion for new trial.
For the above and foregoing reasons, the judgment of the district court is affirmed at plaintiff-appellant's costs.
AFFIRMED.
NOTES
[1] Defendant, Howard Dobson, was dismissed from the suit on February 10, 1983.
[2] On appeal, appellant sets forth five separate specifications of error. We need only address those allegations pertaining to the trial court's denial of the motions for continuance and new trial, as the other assignments of error are totally unfounded and irrelevant.
[3] La.C.C.P. art. 1602 sets forth the peremptory grounds for an order of continuance as follows:

"A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance."
Neither of these grounds are applicable in the present situation.