633 So.2d 285 (1993)
HARRY BOURG CORPORATION
v.
Preston VERRETT.
No. 92 CA 2217.
Court of Appeal of Louisiana, First Circuit.
November 24, 1993.
*286 H. Minor Pipes, Jr., Houma, for plaintiff and appelleeHarry Bourg Corp.
Karl E. Lewis, Jr., Houma, for defendant and appellantPreston Verrett.
Before WATKINS, SHORTESS and FOGG, JJ.
WATKINS, Judge.
The defendant, Preston Verrett, appeals the trial court judgment in this petitory action finding the plaintiff, Harry Bourg Corporation, to be the owner by title of certain land located in Terrebonne Parish, Louisiana.
The defendant's primary contention on appeal is that the trial court erred in treating the action as a petitory or boundary action instead of a possessory action. The defendant also contends in the alternative that the trial court erred in not advising the defendant, who represented himself, that he had the right to testify on his own behalf.
The plaintiff filed a petitory proceeding against the defendant on April 11, 1991, alleging ownership by title to certain property. The plaintiff also alleged that it was "in possession of the above described immovable property which is vacant, unimproved land... [B]ut [defendant] is trespassing upon and using portions of the two tracts of land hereinbefore described as belonging to Harry Bourg Corporation, without any authority or authorization from Harry Bourg Corporation to do so." The defendant asserts that these allegations of possession in the plaintiff's petition are sufficient to convert the petitory action to a possessory action.
A petitory action is one "brought by a person who claims the ownership, but who is not in possession, of immovable property or of a real right therein, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiff's ownership." LSA-C.C.P. art. 3651. A possessory action is one "brought by the possessor of immovable property or of a real right therein to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted." LSA-C.C.P. art. 3655.
Cumulation of the petitory and possessory actions is prohibited by statute. LSA-C.C.P. art 3657 provides as follows:
The plaintiff may not cumulate the petitory and the possessory actions in the same suit or plead them in the alternative, and when he does so he waives the possessory action. If the plaintiff brings the possessory action, and without dismissing it and prior to judgment therein institutes the petitory action, the possessory action is abated.
When, except as provided in Article 3661(1)-(3), the defendant in a possessory action asserts title in himself, in the alternative or otherwise, he thereby converts the suit into a petitory action, and judicially confesses the possession of the plaintiff in the possessory action.
If, before executory judgment in a possessory action, the defendant therein institutes a petitory action in a separate suit against the plaintiff in the possessory action, the plaintiff in the petitory action judicially confesses the possession of the defendant therein.
Although cumulation of the petitory and the possessory action is prohibited, we do not believe that the bare allegations of possession combined with allegations of trespass in the plaintiff's petition were an attempt to cumulate a petitory and possessory action. Moreover, according to the provisions of LSA-C.C.P. art. 3657, when there is an attempt to cumulate a petitory and possessory action, it is the possessory action which is waived. Accordingly, we find no merit in this assignment of error.
The defendant also complains that the trial court did not advise him of his right to testify on his own behalf in this proceeding.
When a person chooses to represent himself, he is not always held to the same standards of skill and judgment that is required of an attorney; however, he assumes all responsibility for his own inadequacy and lack of knowledge of procedural and substantive law. Deville v. Watch Tower Bible & Tract Society, Inc., 503 So.2d 705 *287 (La.App. 3d Cir.1987). Accordingly, the defendant assumed the responsibility of his case; he should have known that he had the right to testify in his own behalf, and his failure to do so does not give him any greater rights than a litigant represented by an attorney. Id. Moreover, the defendant has failed to explain to this court how he was prejudiced by his failure to testify.
For the reasons set forth, the trial court judgment is affirmed. Defendant, Preston Verrett, is assessed with all costs of this appeal.
AFFIRMED.