635 So.2d 318 (1994)
Scott A. HARRISON, Plaintiff-Appellant,
v.
McNEESE STATE UNIVERSITY, Defendant-Appellee.
No. 93-288.
Court of Appeal of Louisiana, Third Circuit.
March 23, 1994.
*319 Scott A. Harrison, pro se.
Donald Coleman Brown, Lake Charles, for McNeese State University.
Before KNOLL and COOKS, JJ., and BERTRAND[*], J. Pro. Tem.
LUCIEN C. BERTRAND, Judge Pro Tem.
Scott Harrison, a pro se litigant, appeals a judgment imposing sanctions of $6,845.45 against him, pursuant to La.C.C.P. art. 863. For the following reasons, we affirm.
This case arises out of an incident on the campus of McNeese State University, when Harrison, then a student, refused to remove pornographic material from an art class at his instructor's request. Harrison was subsequently suspended from the University after a full disciplinary hearing in which he was found guilty of failing to comply with instructions given by a University official, using obscene or public profanity, either written or oral, on the University campus and mental harassment. Harrison's suspension was upheld by the University president.
Harrison then sued McNeese State University and certain University officials for redress of the following alleged wrongful acts: (1) refusing to refund his tuition, lab and locker fees for the semester in which he was suspended; (2) falsely arresting him at the University library; (3) issuing a "slanderous" grade report of all "F's," when the correct grades should have been "W's;" (4) damaging his college career; and (5) violating his freedom of expression.
The case proceeded to trial with Harrison representing himself; he was the only witness called to testify. After the plaintiff rested, the trial court granted an involuntary dismissal in favor of all defendants.
After the judgment of dismissal was affirmed by this court, defendant McNeese State University filed a motion for sanctions, contending that the plaintiff had filed frivolous pleadings and ultimately presented no evidence or testimony to support any of his claims. The University also sought sanctions *320 and a protective order in response to a contemptuous letter containing obscene language that Harrison mailed to defense counsel.
At the hearing on the motion for sanctions, the trial court found that the evidence Harrison presented at trial in no way supported the allegations in his pleadings and, in fact, served only to support the contentions of the defendants. The court also found that Harrison consistently sought to harass and intimidate McNeese State University and further caused the University to incur needless expense. Pursuant to La.C.C.P. art. 863D, the court imposed sanctions of $6,845.45 in attorney's fees for the filing of frivolous and harassing pleadings. The court declined to sanction Harrison for the indecent letter because there was no proof that this document was ever filed into the record as a pleading or an exhibit.
La.C.C.P. art. 863 provides in part:
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
* * * * * *
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
Paragraph D above, which authorizes the imposition of sanctions for violations of paragraph B, was added by the legislature in 1988, and applies to all pleadings filed on or after January 1, 1989. Acts 1988, No. 442, § 2. Although Harrison's original petition was filed in 1987, he filed a supplemental amending petition on September 26, 1989 in which he reiterated the allegations of his original petition. Thus, the causes of action which the trial court found to be groundless and for which Harrison was sanctioned are contained in a pleading filed after Act 442's effective date.
The obligation imposed upon litigants and their counsel who sign a pleading is to make an objectively reasonable inquiry into the facts and law. Subjective good faith will not satisfy the duty of reasonable inquiry. Murphy v. Boeing Petroleum Services, 600 So.2d 823 (La.App. 3d Cir.1992). By choosing to represent himself, a party assumes the responsibility of familiarizing himself with applicable procedural and substantive law. His failure to do so does not give him any greater rights than a litigant represented by an attorney. Deville v. The Watch Tower Bible and Tract Society, Inc., 503 So.2d 705 (La.App. 3d Cir.1987). This court has imposed sanctions on a pro se litigant when such action has been justified by the facts presented. See Bankston v. Alexandria Neurosurgical Clinic, 583 So.2d 1148 (La.App. 3d Cir.), writ denied, 589 So.2d 1066 (La.1991).
The standard to be applied by the appellate court when reviewing the trial court's imposition of sanctions is the "abuse of discretion," "manifestly erroneous" or "clearly wrong" criteria used in reviewing a trial court's factual findings. Murphy, supra, at p. 826.
After reviewing the record before us, we find no error in the trial court's decision to impose sanctions on Harrison. Under cross examination, Harrison admitted to his knowledge of facts which would have negated the possibility of recovery under any cause of action alleged against the University. Regarding his claim for return of tuition and other fees, Harrison admitted that the *321 deadline for such refunds had expired before he made his request of the University. Concerning his claim of false arrest, Harrison admitted that at the time of his arrest he knew he had been barred from the campus because of his suspension. Further, he testified that he was aware that he could have requested a University escort to take him to the library. Regarding his defamation claim, he testified that the University promptly changed his grades from F's to W's when notified of the error, and to his knowledge, the University did not show the incorrect grade report to anyone other than himself. He admitted, however, that he showed the incorrect grade report to others. Finally, regarding his claims of damage to his college education and violation of his rights of freedom of expression, Harrison acknowledged that upon his admission to the University, he signed a contract in which he agreed to abide by the University's rules and regulations.
La.C.C.P. art. 863 is intended only for exceptional circumstances. Failure to prevail does not trigger a sanction award, and the slightest justification for the exercise of a legal right precludes sanctions. Murphy, supra, at p. 827. However, the record in the instant case convinces us that Harrison's true motive was to harass and inconvenience the University rather than to exercise his legal rights. His own testimony establishes that he failed to make a reasonable inquiry into the facts and the law. The indecent letter sent to defense counsel, although not a pleading, is evidence of Harrison's intent to harass and intimidate the University and its officials. We find no error in the trial court's decision to sanction Harrison, and we further find that the sanction imposed, the actual attorney's fees of $6,845.45 incurred by the University, is reasonable.
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant, Scott Harrison.
AFFIRMED.
COOKS, J., dissents and assigns written reasons.
COOKS, Judge, dissenting.
This case began on the campus of McNeese State University when a student, Scott Harrison, was suspended for three (3) semesters. After a full hearing, a disciplinary committee found Harrison guilty of failing to comply with instructions given by a University official, using obscene conduct or public profanity either written or oral on the University campus, and mental harassment. Harrison appealed the decision to the University's president. However, the decision was upheld.
Harrison then brought suit against McNeese State University, and others, seeking refund of his tuition for the fall semester of 1986, and attorney's fees, damages for a slanderous grade report, false arrest at the McNeese library, and for injury to his college career. Harrison did not secure an attorney to assist him during the litigation. Because Harrison lacked formal legal training, the trial judge attempted to assist him at various stages by offering suggestions on trial techniques. At one point the court even expressed, "The plaintiff in this case I have bent over backwards for because he was in proper person and the court respects the right of any party to come before the court unrepresented by counsel and expect the assistance of the court in at least getting his matters heard." Trial proceeded as smoothly as possible ultimately resulting in dismissal of Harrison's suit. The court concluded Harrison failed to show the University exceeded its disciplinary authority. We affirmed the judgment on appeal.
McNeese State University thereafter filed a motion for sanctions contending Harrison's pleadings were frivolous; and he failed to present any evidence whatsoever in support of the allegations contained in the pleadings. McNeese also presented a letter written by Harrison in which he used abusive and offensive language. The trial court granted judgment in favor of McNeese State University in the amount of Six Thousand Eight Hundred Forty-Five Dollars ($6845.00) together with legal interest. Although the trial judge seemingly discords the letter written by Harrison, nevertheless he stated:

*322 "The Code of Civil Procedure Article 863 deals with the filing of pleadings and certifying of pleadings that are not well grounded that is warranted by existing law or good faith argument, for the extension, modification or reversal of existing law, and it is not interposed for any improper purpose such as to harass or cause unnecessary delay or needless increase in the cost of litigation. I'm not sure that this letter does that, but it may show to the court the continuous actions of the plaintiff in this matter to be more of a personal attack against McNeese as opposed to a legal attack based upon any well grounded argument in law or fact."
Apparently the trial judge in the end used the letter as "proof certain" of Harrison's motive in initiating and continuing suit against the University. He ultimately concluded Harrison "has consistently sought to harass, attempt to intimidate McNeese State University, has caused them to incur expenses which were not warranted based upon any issue of fact or law that Mr. Harrison raised, as is evident from the trial which was heard previously."
La.C.C.P. art. 863(B) provides:
"Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."
Harrison at all times represented himself. Although his trial tactics were unorthodox and offensive, I cannot say that his sole purpose was to harass or intimidate McNeese officials. Obviously, Harrison allowed his emotions to overshadow "good judgment" in sending a disgusting letter to the Special Assistant Attorney General. However, this transmission was not a pleading subject to imposition of sanctions. Reading the record as a whole convinces me that Harrison honestly believed use of the subject pornographic materials did not violate established University policies; and, such use was protected constitutionally as a mode of free expression. Use of nudity in artistic drawings was not "offensive" per se in the classroom setting. Further, the instructor allowed artistic references to certain materials depicting nudity by students on prior occasions. The constitutional arguments advanced by Harrison on original appeal to this court were not frivolous or interposed by him merely to harass, delay, or cost the University needless expenses. Harrison genuinely believed his claims were meritorious. We cannot say the halls of justice welcome all citizens, whether represented by counsel or not, without placing a sign at the entryway boldly warning: BUT YOU ENTER AT YOUR OWN RISK UNDER PENALTY OF LAW IF YOU DO NOT PREVAIL!
Although the Per Curiam opinion rendered by this Court did not specifically mention the University's answer requesting frivolous appeal damages, we declined to grant such relief under the circumstances. The University did not request rehearing or apply for writs. The University's claim for sanction was filed after finality of judgment and subsequent to dismissal of the original suit. Thus, we must treat the University's action for sanction as a separate incidental claim. La.C.C.P. Article 927 provides: "... the failure to disclose a cause of action or a right or interest ... may be noticed by either the trial or appellate court on its own motion." Original suit was filed by Harrison on September 30, 1987. At that time, La.C.C.P. article 863 did not recognize a claim for sanctions resulting from the filing of frivolous pleadings. This provision was amended by Section 1 of Acts 1988, No. 442. Section 2 of the same Act specifically provided "This Act shall become effective on January 1, 1989, and shall apply to all pleadings filed on or after that date." Apparently the trial judge was not aware nor informed by the University's counselor that its cause of action arose after the initial filing of pleadings by Harrison. The University's cause of action *323 for sanctions did not exist prior to the Act's effective date. The award of sanctions from the date of original filing through appeal was improper and illegal.
After reviewing this author's dissent, the majority decided to maintain its affirmance of the lower court judgment noting Harrison filed a supplemental amending petition on September 26, 1989 reiterating the allegations of his original petition. The majority's obvious attempt to give retroactive effect to Act 442 by reference to Harrison's later amendment of the pleadings toys with clear legislative intent to apply the punitive effect of the Act prospectively. Before reviewing this author's dissent, even the majority was unaware that the punitive provision of the Act was not effective until 1989. Requiring Harrison, a layman, to possess more procedural and substantive knowledge of the law than certain members of this court, just two days ago, is unreasonable and absurd.
NOTES
[*] Honorable Lucien C. Bertrand, Jr., participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tem.