694 So.2d 426 (1997)
Judith Whitman, Wife of Patrick N. DRONET
v.
Patrick N. DRONET.
No. 96-CA-982.
Court of Appeal of Louisiana, Fifth Circuit.
April 9, 1997.
*427 Wiley J. Beevers, Ronald S. Hagan, Karen E. Matherne, Gretna, for Defendant/Appellant.
Nancy K. Durant, New Orleans, for Plaintiff/Appellee.
Before GRISBAUM, GOTHARD and DALEY, JJ.
GOTHARD, Judge.
Mr. Patrick Dronet appeals a judgment of the trial court which ordered him to pay $13,528.95 in arrearages of 48% of uncovered medical expenses, $18,090.38 minus a credit of $311.20 to reimburse his ex wife for insurance premiums which she maintained during the time in which he failed to do so, $2,500.00 in attorney's fees, and interest on the lump sum of $13,008.00 previously paid in satisfaction of past due child support.
This judgment is the most recent in a divorce case which has been ongoing since June of 1984. The initial judgment in this case, of August 15, 1986, required appellant to pay $500 a month child support, maintain *428 hospitalization benefits for the three minor children, and pay any non-covered medical expenses. After this point there were several hearings for contempt and unpaid child support. On April 12, 1993 the court filed a rule for contempt against appellant for failure to pay past due child support. At a May 12, 1993 hearing on this rule the parties entered into a consent judgment which required appellant to pay a $13,008.21 lump sum for child support arrearages, which appellant paid in a timely manner.
On July 1, 1993 appellant filed a rule for contempt, change of custody and termination of child support. Appellee responded on August 9, 1993 with a rule for contempt, to fix legal interest, increase child support, fix visitation, and continue defendant's rule. This rule alleged that appellee was in contempt of the original judgment because he had never maintained hospitalization, or paid uncovered medical bills. In September of 1993 appellant filed an exception of res judicata. In May of 1994 the trial court ruled that appellee was to pay appellant $227 per month in child support, appellant was to maintain medical insurance on the minor children, and the parties were to split the uncovered medical expenses with appellant paying 48% and appellee paying 52%. The issues of res judicata, custody and contempt were continued.
In August of 1994 appellant filed a memorandum in support of res judicata further alleging that this exception applied to appellee's claim for past due medical expenses. On December 13, 1994 the trial court denied appellant's exception of res judicata, this judgment was not appealed. Trial on the issues of unpaid medical expenses and interest was held on August 25 and October 27, 1995, this trial resulted in the judgment before us today.
On appeal, appellant argues five assignments of error. On his first assignment appellant argues that the trial court erred in applying an exception to the general rule of res judicata.
La. R.S. 13:4232 holds that there is an exception to the general rule of res judicata when "exceptional circumstances justify relief." We agree with the appellant that the plaintiff's lack of legal representation is legally insufficient to constitute "exceptional circumstances" and therefore find the trial court's reasons for judgment incorrect. The trial judge asserts in his reasons for judgment that if an
"attorney had been present on her behalf at the May 1993 Consent Judgment, the attorney would have been able to protect the plaintiff's rights as relates to the medical expenses by clearly stating for the record that the lump sum payment was not intended to discharge plaintiff's claim to reimbursement for medical expenses."
While this may be the case, we agree with our brethren that "the pro se litigant assumes all responsibility for his own inadequacy and lack of knowledge of procedural and substantive law." Dixon v. Shuford, 28,138 (La.App. 2 Cir. 4/3/96), 671 So.2d 1213; Harry Bourg Corporation v. Verrett, 633 So.2d 285 (La.App. 1st Cir.1993); Deville v. Watch Tower Bible and Tract Society, Inc., 503 So.2d 705 (La.App. 3d Cir.1987). It was the appellee's responsibility as a pro-se litigant to make sure her interests were protected and we do not find that her pro-se status was sufficient to constitute "exceptional circumstances" under La. R.S.13:4232.
However, the law is clear that where conflict exists between reasons for judgment and the judgment, judgment prevails. Western World Ins. Co., Inc. v. Paradise Pools & Spas, Inc., 633 So.2d 790, 93-723 (La.App. 5 Cir. 2/23/94). While we find that the trial judge's reasons for denial of the exception of res judicata were incorrect we find that the denial itself was correct. La. R.S. 13:4231(3) defines res judicata, as follows:
"A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined..."
Appellant argues that the payment of medical expenses were included in a 1993 consent judgment. However, a thorough reading of the transcript shows that the $13,008.21 was computed considering only the past due child support payments of $250 per month, was payment for that child support arrearage amount, and did not consist of *429 medical bills. The issue of medical bills was not actually litigated between the parties in the 1993 consent judgment, and therefore the doctrine of res judicata does not apply.
Furthermore, the trial court is only holding appellant responsible for 48% of unpaid medical bills, although in accordance with the 1986 judgment he should be responsible for 100% of the unpaid medical bills from 1986 until 1994. We find the trial court was lenient in its disposition of the payment for the medical bills, and affirm the judgment in this matter.
In the appellant's second assignment of error he argues that the trial court erred in finding him in contempt of court for failing to comply with the August 1986 order, and assessing him attorney's fees. La. R.S. 9:375(A) holds that "when a court renders judgment in an action to make executory past-due payments under a spousal or child support award ... it shall, except for good cause shown, award attorney's fees and costs to the prevailing party." Appellant argues that the trial court erred because it should have found "good cause" not to award attorney's fees. Appellant argues that "good cause" exists because he was not made aware of the past due medical expenses. However, the court, in its reasons for judgment, made the factual finding that appellant "was made aware of the uncovered medical expenses in an appropriate fashion." In reviewing the factual findings of a trial court, an appellate court is limited to a determination of manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973). The trial court based its finding of appellant's awareness of the past due medical expenses upon its review of the testimony. The appellee's husband testified that appellant was aware of medical expenses, that he had personally made the appellant aware of his obligations, and the strain the payments were on appellee. He also testified that appellant was aware of all of the children's medical situations, and that several bills were sent directly to appellant. Although appellant is correct in asserting that specific amounts were not asked for in all situations, he was most certainly aware of the medical needs of the children, and yet, according to testimony, appellant refused to take responsibility to find out specific charges. The trial court based its finding of appellant's awareness upon the credibility of this testimony. Such a finding is not manifestly erroneous, therefore under La. R.S. 9:375 the trial court had discretion to award attorney's fees to the appellee, and we affirm this ruling.
In his third assignment of error appellant argues that the trial court erred in calculating the amount of unpaid medical expenses. Because we do not agree with appellant's basis for recalculation, namely that the claims prior to 1993 are barred by res judicata, we find no merit in this assignment.
In appellant's fourth assignment of error he argues that because the appellee's husband's company paid the insurance premiums on the three children, the trial court erred in ordering appellant to reimburse appellee for insurance premiums. Appellant here makes no legal argument in support of this contention, additionally we find that appellant was required by court order to maintain insurance upon the children. Because he failed to do so, the appellee was required to maintain insurance. How the appellee managed to do so is legally irrelevant to the fact that he did not meet his obligations. Additionally, appellant's proper remedy would have been to make a motion to the trial court for a modification of the medical support award based upon a change of circumstances because of appellee's payment of insurance premiums. "An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change of circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award." La. R.S. 9:311. Because he failed to bring this issue to the trial court, and because he makes no persuasive legal argument as to why he did not meet his obligations, we are not persuaded, and find no merit in this argument.
In his final assignment of error, appellant argues that the trial court erred in holding that appellee was entitled to interest upon the lump sum payment ordered in the May 12, 1993 judgment. We agree. In the *430 purge date hearing on June 21, 1993 the trial court indicated that the Judgment of May 12, 1993 was in fact a consent judgment, and that interest had not been discussed at that time. The record of the May 12, 1993 hearing indicates that the parties agreed that Mr. Dronet was to pay the $13, 008.21 amount in arrearages, plus $90 to the clerk's office and a $35 administrative fee, all of which Mr. Dronet paid before the June 21, 1993 deadline.
This court has held that "Stipulations have the effect of judicial confessions; they become law of the case and are binding on the trial court when not in derogation of the law." 2304 Manhattan Blvd. Partnership v. Louisiana Power & Light Co., 94-192 (La. App. 5 Cir. 9/14/94), 643 So.2d 1282. Judge Zeno's finding in the June 21, 1993 hearing, which denied appellee interest, was correct. The consent judgment of May 1993 was a stipulation between the parties, agreeing that Mr. Dronet would pay $13,008.21 to appellee in satisfaction of child support arrearages, there was no discussion of interest at the time. Furthermore the judgment of May 12, 1993 was not appealed and is final. The trial court cannot subsequently award interest upon a final amount previously stipulated to. Therefore, we reverse the portion of the judgment which requires appellant to pay interest on the $13,008.21 amount.
AFFIRMED IN PART, REVERSED IN PART.