709 So.2d 292 (1998)
Emile Joseph HAWKINS, Plaintiff-Appellant,
v.
The CITY OF JENNINGS, et al., Defendant-Appellee.
No. 97-1291.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1998.
Emile Joseph Hawkins, pro se.
John Fayne Wilkes, III, Lisa Mayer, Lafayette, for City of Jennings Jailhouse, et al.
Andre Joseph Buisson, Jennings, for Jefferson Davis Parish Sheriff's Office.
Before DECUIR, AMY and PICKETT, JJ.
AMY, Judge.
In this consolidated suit, the plaintiff, Emile Hawkins, filed suit against various defendants asserting civil rights violations which allegedly arose during his detention by law enforcement officials. The trial court granted the defendants' Motion for Dismissal after *293 the plaintiff, who was representing himself, failed to appear for trial. He now appeals, as do the defendants. For the following reasons, we affirm in part and reverse in part.

Facts and Procedural Background
The instant matter stems from the August 24, 1995 arrest and detention of the plaintiff, Emile Joseph Hawkins. Although subsequently released, the plaintiff alleges various civil rights violations as a result of the detention. In connection with these alleged violations, and while imprisoned on an unrelated matter, Hawkins, in proper person, filed suit against the defendants, the City of Jennings and several police officers employed by the city.[1] He seeks damages pursuant to 42 U.S.C. § 1983.
Although apparently represented by counsel for a brief time, Hawkins has represented himself throughout the history of the claim, and has done so while imprisoned. In the course of his self-representation, the plaintiff has made numerous filings with the Jefferson Davis Clerk of Court's Office, and has done so without having to pay filing fees after being declared a pauper. The record indicates that the plaintiff also has suits pending in federal court involving the same defendants as those involved in the instant matter.
This suit came to trial on July 16, 1997, at which time several motions were to be heard before the matter proceeded on the merits. The record indicates that the plaintiff was notified of the trial date. However, as the hearing began, the trial judge alerted the defendants that the plaintiff was not in attendance. The judge stated that "no order has been signed by the Court to have him transported hereno order has been submitted to the Court for signing to have him transported here, soyesterday afternoon, I did receive a call from a Sergeant Ortego with the Department of Corrections indicating that they would not transport Mr. Hawkins here without an order, so no order has been signed. He is not here."
After this confirmation that the plaintiff would not be in attendance, the trial court granted the defendants' Motion to Dismiss pursuant to La.Code Civ.P. art. 1672, and dismissed the four consolidated suits with prejudice at the plaintiff's expense. The judge concluded that the claims were frivolous and maliciously filed by the plaintiff. Additionally, the judge awarded the defendants' attorney's fees pursuant to 42 U.S.C. § 1988, and ordered the clerk of court to refuse additional filings from Hawkins until the awarded attorney's fees and costs had been paid.
The record indicates that, on August 15, 1997, the plaintiff filed a Motion for New Trial which was subsequently denied. Hawkins now appeals asserting that the trial court should have granted the motion as he attempted to have an order signed which would have required officials at the correctional facility to transport him to court for the trial. The defendants in this matter have answered the appeal and ask this court to impose damages for frivolous appeal.

Discussion

Motion for New Trial
Hawkins alleges, in his pro se brief, that he attempted to send an order to the trial court which would have allowed him to attend the trial. However, he alleges that this order was never opened by the judge but, instead, was refused and returned to him at the correctional facility. This envelope, as well as the alleged order requiring his presence at the trial, was apparently filed with the plaintiff's Motion for New Trial. He argues that this letter, the envelope of which is marked "refused," is new evidence and, accordingly, the trial judge was required to grant a new trial. Although the plaintiff makes his argument in reference the Federal Rules of Civil Procedure, we, of course, consider his pro se status and review his claims according the applicable rules of civil procedure for this state.
The plaintiff's suit was dismissed pursuant to La.Code Civ.P. art. 1672(A)(1) which provides:

*294 A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice.
As the plaintiff did not appear at trial, for whatever reasons that may have later become apparent, the trial court, at the time of trial, had no alternative but to grant the defendants' Motion to Dismiss. Thus, we find no error in this portion of the trial court's decision.
As for the denial of the Motion for New Trial, the plaintiff alleges that he is due a new trial pursuant to La.Code Civ.P. art. 1972. This article requires that a trial court grant a new trial in the following instances:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
(3) When the jury was bribed or has behaved improperly so that impartial justice has been done.
However, we do not find that the envelopes and letters offered by the plaintiff are "new evidence" within the meaning of the provision. Additionally, La.Code Civ.P. art. 1973 provides that "[a] new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law." Without reaching the substance of this inquiry, we conclude that the plaintiff's Motion for New Trial was not timely filed and, therefore, could not be granted by the trial court.
La.Code Civ.P. art. 1974 contains the delay for applying for a new trial and provides:
The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.
Reference to Article 1913 indicates that notice of the judgment was required in this case[2] and, accordingly, the plaintiff had seven days from the mailing of the notice of judgment in which to apply for a new trial.
The certificate filed into the record by the Clerk of Court indicates that the judgment in the present matter was signed and mailed to the plaintiff on July 24, 1997. However, the plaintiff's Motion for New Trial was not filed until August 15, 1997. Thus, the plaintiff's motion was not timely filed, and the trial judge would have erred in granting a new trial.
Neither can we overlook the untimely motion due to the plaintiff's pro se status or because of his lack of legal training. This court has previously stated that:
Although the courts may not always hold a layman to the same standards of skill and judgment that is required of an attorney, when he chooses to appear in proper person, he assumes all responsibility for his own inadequacy and lack of knowledge of procedural and substantive law. Alexander v. Town of Jeanerette, 371 So.2d 1245 (La.App. 3rd Cir.1979); Rochon v. Consolidated Construction Company, 452 So.2d 404 (La.App. 3rd Cir.1984).
Deville v. Watch Tower Bible and Tract Soc., Inc., 503 So.2d 705, 706 (La.App. 3 Cir.1987). See also Harrison v. McNeese State Univ., 93-288 (La.App. 3 Cir. 3/23/94); 635 So.2d 318, writ denied, 94-1047 (La.6/17/94), 638 So.2d 1099.
For these reasons, we do not find that the trial court erred in granting the defendants' *295 Motion for Dismissal or in denying the plaintiff's Motion for New Trial.

Future Filings
We next address the judgment as it relates to the trial court's order that the clerk of court refuse any future filings from the plaintiff until both the court costs and $14,804.76 in attorney's fees awarded in the judgment were paid. Although not assigned as error by the plaintiff, we find that we are required to address this issue in the interest of justice. See Uniform RulesCourts of Appeal, Rule 1-3.[3]
The record contains the following colloquy between the trial judge and Andre' J. Buisson, one of the defense attorneys appearing before the court in this matter:
[THE COURT:] ... [T]he Court is going to further order that until such time as Mr. Hawkins has paid the entire bill of the Clerk of Court for the costs incurred in all of these matters as well as the attorney's fees that are being awarded this morning that no additional pleadings are to be accepted for filing from Mr. Hawkins.
MR. BUISSON: Is that in all matters, Your Honor, or just this matter?
THE COURT: Well, that's just in the matters that are beingon, no, I'm sorry. No, that's in all matters. That is in all matters, because he hashe's going to have a tremendous outstanding bill with the Clerk's office and I do not feel that it's incumbent upon the Clerk to accept further filings from this plaintiff since it's obvious that the filings are frivolous in nature. So no further filings are going to be accepted in any matters even the matters that remain pending after this morning.
Further, the judgment in this case contains the following language:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Clerk of Court for the Parish of Jefferson Davis is ordered not to accept any further filings, suits, pleadings, or any and all other efforts going to prosecute legal matters in their office by Emile Hawkins until such time as the aforementioned amounts for attorney's fees and costs have been paid by Emile Hawkins.
Such an order is legal error and requires reversal by this court.
Article 1, Section 22 of the Louisiana Constitution guarantees all persons access to the courts:
All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights.
We conclude that the trial court's order which prevented filing in both the instant matter, as well as all filings in any other proceeding or future suit the plaintiff may have a right to bring, is violative of this provision and, accordingly, must be reversed. Thus, we find the trial court committed legal error in ordering the clerk of court to refuse to accept any type of filing by the plaintiff, and reverse this portion of the judgment.

Damages for Frivolous Appeal
The defendants maintain that the instant appeal is frivolous and, accordingly, this court should award attorney's fees. Article 2164 of the Louisiana Code of Civil Procedure provides:
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.
Our review of the jurisprudence indicates that, as this provision is penal in *296 nature, it must be strictly construed by this court. See Ray v. Leatherman, 96-542 (La. App. 3 Cir. 10/9/96); 688 So.2d 1133, writ denied, 96-2709 (La.1/6/97); 685 So.2d 123. Additionally, it is clear that more than a merely unsuccessful argument is required for such a recovery. In Gallien v. Winn-Dixie, 96-832, p. 12 (La.App. 3 Cir. 12/11/96); 685 So.2d 531, 537, this court found as follows:
If an appeal was taken solely for the purpose of delay or if it is evident that counsel for the appellant does not seriously advocate the position taken, then damages for frivolous appeal are appropriate. Hampton v. Greenfield, 618 So.2d 859 (La.1993), Doe v. Roman Catholic Church, 94-1476 (La.App. 3 Cir. 5/3/95); 656 So.2d 5, writ denied, 95-2076 (La.11/13/95); 662 So.2d 478. However, appeals are always favored and if there exists the slightest justification for the appeal, then damages are precluded even if the appellant does not prevail. Id.

We do not find that an award pursuant to La.Code Civ.P. art. 2164 is justified. It is clear from the record and brief before us that the plaintiff, who is appearing before this court in proper person, believed that he had sent the necessary order to the court in order to enable him to appear at trial. Further, he supports this argument with the exhibits which were attached to his Motion for New Trial, i.e., the order form and envelope allegedly refused by the lower court. Whether the order was properly submitted is not now before us. Although ultimately unsuccessful due to a procedural deficiency, we do not find the argument advanced is, in any way, so deficient as to permit this court to impose attorney's fees. Accordingly, this request is denied.

DECREE
For the foregoing reasons, the decision of the lower court is affirmed as it relates to the dismissal of the suit and the award of attorney's fees. However, the portion of the judgment ordering the Clerk of Court for the Parish of Jefferson Davis to refuse any type of filing from the plaintiff, Emile Hawkins, is reversed and the answer to the appeal is denied. All costs of this proceeding are assigned fifty percent to the plaintiff and fifty percent to the defendants in the consolidated suits addressed in opinion.
AFFIRMED IN PART, REVERSED IN PART.
NOTES
[1] This case was consolidated with three separate proceedings filed by Hawkins wherein he alleges several civil rights violations related to his imprisonment. See Hawkins v. Dalton R. Joseph, 97-1292; Hawkins v. City of Jennings Police Depart., 97-1293; Hawkins v. Dalton R. Joseph, 97-1294.
[2] La.Code Civ.P. art. 1913(B) provides:

Except as otherwise provided by Article 3307, in every contested case, except in the case where the judgment rendered is signed the same day as trial and all counsel or parties not represented by counsel are present, notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.
[3] Uniform RulesCourt of Appeal, Rule 1-3 provides that:

The scope of review in all cases within the appellate and supervisory jurisdiction of the Courts of Appeal shall be as provided by LSA-Const. Art. 5, § 10(B), and as otherwise provided by law. The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.