ROBERTA. CHAISSON, Judge.
li>This is an appeal by Lori A. Adams from a judgment sustaining an exception of res judicata and dismissing with prejudice her suit against Walker Imports, Inc. (Walker) in this dispute over the purchase of an automobile. For the following reasons, we affirm the judgment.
FACTS AND PROCEDURAL HISTORY
On September 15, 2006, Ms. Adams bought a car from Walker. Eleven months later, on August 14, 2007, she employed counsel and filed suit against Walker in Jefferson Parish alleging basically 1) that the odometer showed 11 miles, when in fact the car had been driven 3175 miles, 2) that the car had been damaged before the purchase, and 3) that these facts had been hidden from her at the time of the purchase. For reasons not of record, a summary judgment was entered on August 28, 2008, in Walker’s favor, dismissing the matter “without prejudice.” No appeal was taken from that judgment by either party, and no subsequent pleadings were ever filed in that case.[1]
*1128 lsOn November 29, 2010, Ms. Adams filed pro se an almost identical suit in Civil District Court for the Parish of Orleans. Walker urged an exception of res judicata, and that exception was sustained by judgment of March 15, 2011. That judgment dismissed the suit “with prejudice.” No appeal was taken from that judgment.
On September 7, 2011, Ms. Adams again filed the same suit pro se in Jefferson Parish. Again, Walker urged an exception of res judicata, this time relying on the Orleans Parish judgment of March 15, 2011. This exception was sustained and the suit was dismissed “with prejudice.” Walker also urged an exception of prescription in the district court, but this exception was deemed moot when the case was dismissed. This appeal followed.
LAW AND DISCUSSION
Ms. Adams contends that the exception of res judicata should not have been sustained because the judgment granting a summary judgment in favor of Walker in the first Jefferson Parish suit was “without prejudice.” She relies on La. R.S. 13:4232(A)(2) for the proposition that when a judgment is rendered “without prejudice,” res judicata does not bar a subsequent action. However, Walker relies not only on the judgment in the first Jefferson Parish suit, but also on the judgment in the Orleans Parish suit, which sustained Walker’s exception of res judica-ta and dismissed the suit “with prejudice.” While Ms. Adams may have had an argument in the Orleans Parish suit that Walker’s exception of res judicata was unfounded because the Jefferson judgment was “without prejudice,” she did not take an appeal from the judgment in the Orleans Parish suit. That judgment is now final and cannot be ignored or set aside by this Court.
Ms. Adams’ second argument is that La. R.S. 13:4232(A)(1) provides that res judicata should not be applied in exceptional circumstances. Here, there are no 4such circumstances. In Centanni v. Ford Motor Co., 93-1133 (La.App. 3 Cir. 5/4/94), 636 So.2d 1153, rehearing denied, writ denied, 94-1949 (La.10/28/94), 644 So.2d 656, the Court held that a party’s failure to take an appeal from the first judgment was not an exceptional circumstance which would preclude application of res judicata. Similarly, this Court has held that lack of legal representation is also not an exceptional circumstance which would preclude application of the doctrine. Dronet v. Dronet, 96-982 (La.App. 5 Cir. 4/9/97), 694 So.2d 426, writ not considered, 97-1263 (La.9/5/97), 699 So.2d 82.
Here, Ms. Adams provides no explanation as to why the Orleans Parish judgment was not appealed, nor is any other circumstance present which might be deemed exceptional. On this showing, we hold that the exception of res judicata was properly sustained. We also hold that the exception of prescription was correctly dismissed as moot.
DECREE
For the foregoing reasons, the judgment sustaining the exception of res judicata, dismissing the exception of prescription as moot, and dismissing the suit with prejudice is hereby affirmed.

AFFIRMED

. Ms. Adams' counsel withdrew from the case on September 18, 2008, for reasons not pertinent to this appeal. We also note that any dispute which Ms. Adams may have with her former attorney’s handling of her first suit *1128 cannot affect the rights of Walker in the present matter.