225 So.2d 485 (1969)
Gloria DELESDERNIER, wife of Paul MARCHAND
v.
GENE THORPE FINANCE, INC. and
Siegfried B. Christensen.
No. 3564.
Court of Appeal of Louisiana, Fourth Circuit.
February 3, 1969.
Supplemental Opinion July 7, 1969.
Rehearing Denied August 4, 1969.
*486 Gloria Delesdernier, former wife of Paul Marchand, and now wife of Clay N. Gerald, petitioner in chief and plaintiff in rule, in pro. per.
Christensen & Christensen by Siegfried B. Christensen, Siegfried B. Christensen, III, Rodney J. Madere, Harry F. Connick, William F. Wessel, New Orleans, for defendants, exceptors, appellees.
Before YARRUT, SAMUEL and CHASEZ, JJ.

ON MOTION TO DISMISS APPEAL.
CHASEZ, Judge.
This matter is before us on a motion to dismiss the appeal lodged in this court by Gloria Delesdernier, wife of Paul Marchand.
The litigation was initiated on July 1, 1963 by Mrs. Marchand against the defendants, Gene Thorpe Finance, Inc. and Siegfried B. Christensen. On October 10, 1968 the defendants filed a motion and order for dismissal of the suit for want of prosecution for five years under LSA-C.C. P. Article 561. This ex parte motion was considered and signed on that date and the suit was thereby dismissed. Plaintiff then on October r1, 1968 filed a motion and order to set aside the ex parte order of dismissal. This motion was considered at a contradictory hearing and judgment was rendered on December 3, 1968 dismissing plaintiff's motion to set aside the ex parte order, and that order was fully maintained. Plaintiff then filed a motion for appeal and such was granted December 9, 1968. The necessary bond was filed December 13, 1968.
The defendants base this motion to dismiss on LSA-C.C.P. Article 561, averring that as plaintiff took no steps in the prosecution of the litigation from August 15, 1963 to August 16, 1968, the action was abandoned as of August 16, 1968, and since the article states that this abandonment is operative without formal order, August 16, 1968 was the date from which the period for taking an appeal began to run and November 16, 1968 was the final date for taking a devolutive appeal; consequently plaintiff's appeal taken on December 9, 1968 was not timely and should be dismissed.
We disagree completely with this reasoning and can find no basis in law to support it. While it is true that Article 561 states that an action is abandoned after five years failure to prosecute it and that this provision is operative without formal order, nevertheless when an ex parte judgment is rendered formally dismissing such a suit and is subsequently maintained by a judgment after a contradictory hearing on a rule to show cause why the judgment should not be recalled and set aside, the plaintiff must be given the ordinary time for taking an appeal from such dismissal tolled from the date of the judgment rendered after the contradictory trial. Zatarain v. Portera, 63 So.2d 477, La.App. Orl.1953. To hold otherwise would lead to legal absurdity. Any suit which had been alive for five years and ninety-one days, regardless of the vigorousness with which it had been pursued, would be subject to a judgment for want of prosecution no matter how flagrantly incorrect, from which the offended plaintiff would have no right of appeal.
The judgment rendered and signed on December 3, 1968 is a definitive judgment from which the party cast is entitled to an appeal; the appeal having been granted herein and lodged in this court, Gloria Delesdernier Marchand is entitled to a hearing on the merits. The defendants, though sincere in their motion, have obviously confused the merits of this appeal with the procedural question involved in this motion to dismiss. We must deny the motion to dismiss.
Motion to dismiss denied.
Before YARRUT, CHASEZ and GARDINER, JJ.

*487 SUPPLEMENTAL OPINION
YARRUT, Judge.
Plaintiff has appealed from a judgment dismissing her suit for failing to take any step in its prosecution for a period of five years.
Plaintiff's petition was filed July 1, 1963, to which Defendants filed exceptions. Plaintiff then filed a supplementing and amending petition. Defendants again excepted to the supplemental petition.
On August 15, 1963, Defendants filed a motion to strike from the record certain allegations in Plaintiff's petition, to which motion was attached an order directing Plaintiff to show cause why the allegations should not be stricken from the record. That motion was set for argument October 4, 1963. On October 3, 1963, Plaintiff filed an answer to the motion to strike. Filed on the same day were two telegrams indicating counsel for both parties were advised that the rule set for October 4, 1963, would be continued due to the illness of the Judge.
On September 24, 1968, Plaintiff filed a motion to fix the exceptions for trial on October 25, 1968. On October 10, 1968, Defendants obtained an ex parte order dismissing Plaintiff's suit. On November 6, 1968, Plaintiff filed a motion to set aside the order dismissing her suit. The District Judge dismissed Plaintiff's suit for lack of prosecution.
The question before us is whether the record reflects that Plaintiff took any steps to further the prosecution of her claim within a five-year period. Dismissal for abandonment is permitted by LSA-C.C.P. Art. 561, which states, in part:
"An action is abandoned when the parties fail to take any steps in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order or dismissal as of the date of its abandonment. * * *." (Emphasis added.)
Between September 24, 1963, and September 24, 1968, only three documents were filed, namely, the two telegrams described and the answer to the motion to strike. Under our jurisprudence, if Plaintiff is to prevail on appeal, we must hold that either the telegrams or her answer to the motion were active steps in the prosecution of her suit. An active "step" in the prosecution of a suit has been held to be a formal move before the court intended to hasten judgment. See Sliman v. Araguel, 196 La. 859, 200 So. 280; Sanders v. Luke, La.App., 92 So.2d 156.
Applying the above rule, we conclude the Trial Court properly dismissed Plaintiff's suit on the ground of abandonment. Telegrams acknowledging a continuance obviously do not hasten the litigation toward judgment. Plaintiff, representing herself, filed a pleading called "Answer to Defendants' Motion to Strike", which at best is a mere memorandum not required by our law as a prerequisite to an argument on a motion to strike. It contains mere denials, accusations, argument and legal citations in a form for which we can find no legal precedent. While a litigant may appear in propria personae, in so doing he assumes the responsibility for his own inadequacy and lack of knowledge of both procedural and substantive law. The document styled an "Answer to Defendants' Motion to Strike" is not a formal move in court that would move the suit toward judgment. Accordingly, when Plaintiff filed her motion to fix the exceptions for trial on September 24, 1968, more than five years had passed since she had taken any step to further the prosecution of her suit.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.