321 So.2d 618 (1975)
Jacqueline CARR, Appellant,
v.
Ruth Freiday GRACE et al., Appellees.
Nos. 74-1614, 75-91.
District Court of Appeal of Florida, Third District.
October 14, 1975.
Rehearing Denied December 2, 1975.
Jacqueline Carr in pro. per.
Walton, Lantaff, Schroeder, Carson & Wahl, Stephens, Magill, Thornton & Sevier, Miami, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Appellant, plaintiff in the trial court, brings these consolidated appeals to review an order of dismissal entered October 30, 1974, and a cost judgment, entered December 11, 1974, in favor of appellees, defendants in the trial court.
Among the many assignments of error designated by appellant, representing herself in these appeals, is one contending the trial judge erred in entering an order on pending motions dated September 27, 1974 which contained the condition that appellant appear and be represented by counsel of her choice ready for trial on October 28, 1974 and that upon failure to appear with counsel said cause would be subject to dismissal upon appropriate motion and order of the court. Predicated upon this order and appellant's failure to appear with counsel the trial judge subsequently entered the order of dismissal from which appellant appeals.
In support of appellant's contention, she cites § 454.18, Fla. Stat., F.S.A., which provides that, inter alia, any person, whether an attorney or not, may conduct their own cause in any court of this state, subject to the lawful rules and discipline of such court.
Based upon the facts in the record before this Court, it appears the trial judge erred by imposing a condition in his order that appellant be represented by counsel or be subject to dismissal of her cause, which dismissal in fact occurred by the trial judge's order dated October 30, 1974. However, also based on our review of the record in this appeal, we feel it obligatory to underline for appellant in § 454.18, Fla. Stat., F.S.A., upon which she relies, that part which provides she may represent herself "subject to the lawful rules and discipline of such court." Appellant's self representation does not relieve her of the obligation to comply with any appropriate rules of the court and the rules of civil procedure.
Based upon our decision above, we conclude that the cost judgment entered by the trial judge was premature and should *619 await the outcome of the main cause on the merits.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that the trial judge erred in entering the order of dismissal dated October 30, 1974. Therefore, for the reasons stated and upon the authorities cited, the order of dismissal appealed is reversed and the cost judgment is vacated.
Reversed in part and vacated in part.