420 So.2d 522 (1982)
Ervin Ray TEAGUE, Plaintiff-Appellant,
v.
INTERNATIONAL PAPER COMPANY, Defendant-Appellee.
No. 14985.
Court of Appeal of Louisiana, Second Circuit.
September 20, 1982.
Mecom & Scott, Leroy Scott, Jr., and Harold D. Vaught, Shreveport, for plaintiff-appellant.
Bodenheimer, Jones, Klotz & Simmons by G. M. Bodenheimer, Jr., Shreveport, for defendant-appellee.
Before JASPER E. JONES, FRED W. JONES, Jr. and NORRIS, JJ.
*523 JASPER E. JONES, Judge.
This is a workers' compensation action. Plaintiff, Ervin Ray Teague, appeals an order obtained by defendant, International Paper Company, dismissing his action with prejudice at his cost. We reverse and remand.
Plaintiff, represented by attorney B.J. Woods, commenced this action on February 15, 1980. The defendant answered on March 14, 1980, and plaintiff filed an amending petition on May 12, 1980. The defendant again answered on May 28, 1980.
On August 22, 1980, Woods moved to resign as plaintiff's counsel. That day the district judge signed an order which reads as follows:
"Let B.J. Woods be relieved as attorney for Ervin Ray Teague. Ervin Ray Teague is hereby granted 15 days to obtain new counsel."
On February 1, 1982, defendant made a motion to dismiss showing:
"That no counsel has enrolled and therefore this suit should be dismissed with prejudice at plaintiff's cost."
That day the district judge signed the following order:
"IT IS HEREBY ORDERED that said suit be dismissed with prejudice at plaintiff's cost."
On March 24, 1982, plaintiff's present counsel attempted to enroll as counsel of record. Defendant opposed the motion on grounds that the action had been dismissed. Plaintiff then appealed the order dismissing the action.
Plaintiff sets out two assignments of error on appeal. He contends the trial judge erred in (1) dismissing his action with prejudice without giving him notice and an opportunity to be heard, and (2) dismissing his action on the grounds set forth by defendant.
We begin by considering appellant's second assignment of error.[1] Through this assignment appellant contends that his action cannot be dismissed merely for failure to have enrolled counsel. We agree.
The trial court does not have a general power to dismiss. Lewis v. New York Fire & Marine Underwriters, Inc., 233 So.2d 743 (La.App. 4th Cir. 1970).
One has the right to represent himself even though he is not an attorney. Scott v. Hunt Oil Company, 152 So.2d 599 (La.App. 2d Cir. 1963). Cf. Price v. Taylor, 139 So.2d 230 (La.App. 1st Cir. 1962). However, in so doing he assumes the responsibility for his lack of knowledge. Joiner v. Downing, 383 So.2d 93 (La.App. 3d Cir. 1980); Marchand v. Gene Thorpe Finance, Inc., 225 So.2d 485 (La.App. 4th Cir. 1969), writ refused 254 La. 848, 227 So.2d 592 (1969).
As plaintiff had the right to represent himself, his action cannot be dismissed merely for the failure to have counsel.
We think the purpose of granting appellant 15 days to obtain new counsel was to allow him a brief respite during which counsel for defendant could not use his superior knowledge to gain unfair advantage. That purpose is not served by dismissing plaintiff's action for failure to have enrolled counsel. At the expiration of the delay defendant's proper course was to proceed with the litigation according to law rather than to seek to have plaintiff's action dismissed because plaintiff was not represented by an attorney.
Our conclusion as to this assignment makes it unnecessary to consider the remaining assignment.
The order dismissing plaintiff's action with prejudice is reversed and the cause remanded for further proceedings not inconsistent with the views expressed herein. All costs of this appeal are taxed against appellee, International Paper Company.
REVERSED and REMANDED.
NOTES
[1] Appellee's suggestion that appellant has abandoned his right to complain of the dismissal by not pursuing the motion to enroll is without merit.