671 So.2d 1213 (1996)
Deborah DIXON, et al., Plaintiffs-Appellants,
v.
Thomas L. SHUFORD, et al., Defendants-Appellees.
No. 28,138-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1996.
Frederick Lewis, Jr., Shreveport, for Appellants.
Casten & Pearce by Theodore J. Casten, Shreveport, for Appellees.
*1214 Daye, Bowie & Beresko by Alfred R. Beresko, Shreveport, Intervenor.
M. Carl Rice, Shreveport, Intervenor.
Before SEXTON, BROWN and GASKINS, JJ.
GASKINS, Judge.
In this automobile accident case, the trial court denied plaintiffs' motion for a continuance, denied plaintiff Deborah Dixon's request to proceed pro se, and dismissed the suit with prejudice. For the following reasons, we reverse the trial court's refusal to allow Mrs. Dixon to proceed without counsel, and we remand for further proceedings.

FACTS
Plaintiffs, Deborah Dixon and Colidge Dixon, Jr., filed a petition for damages on October 16, 1991. At that time, plaintiffs were represented by the law firm of Daye, Bowie & Beresko. On December 5, 1991, an intervention was filed by the law firm of Carl Rice & Associates, alleging that plaintiffs had discharged their former attorney without cause, and that intervenor was entitled to attorney fees.
In November 1992, the case was set for a jury trial on June 14, 1993. However, on May 17, 1993, plaintiffs' counsel filed a motion to continue alleging that pre-trial discovery was not yet complete, and that other problems also caused counsel to not be able to properly prepare for the upcoming jury trial. The motion to continue was unopposed by the defendant, and the jury trial was rescheduled for April 18, 1994. However, this trial setting was upset as a result of plaintiffs' counsel filing a motion to withdraw on March 8, 1994. The motion asserted that the plaintiffs had requested counsel withdraw and that counsel desired to withdraw, and requested that the plaintiffs be given 15 days to find alternate counsel.
On April 7, 1994, attorney Carl Henry Franklin filed a motion to enroll as counsel for plaintiffs and for a continuance of the jury trial. The court granted a continuance over the objection of defense counsel, and the case was set for jury trial on October 10, 1994.
On June 20, 1994, the law firm of Daye, Bowie & Beresko filed an intervention seeking attorney fees and alleged that plaintiffs had discharged their attorneys without cause. This was followed on July 22, 1994, by a motion to withdraw as counsel, filed by attorney Carl Henry Franklin. The motion to withdraw gave as reasons for withdrawal the contract between attorney and client allowing the attorney to withdraw at any time, and the "numerosity of previous attorneys with monetary liens on proceeds of settlement or judgment and pending expense of jury trial." The court allowed the attorney to withdraw, again over the objection of defense counsel.
The case did not go to trial on October 10, 1994, because of a continuing jury trial. The court agreed to reschedule the jury trial at the earliest possible date at the request of defense counsel, and the case was reset for trial on November 16, 1994. The court was aware at the time of setting the November trial date that plaintiffs were not then represented by counsel.
When the case came before the court on November 16, 1994, for jury trial, Deborah Dixon was present, but not represented by counsel of record. An attorney was present with Mrs. Dixon, although he had not enrolled as counsel of record. Mrs. Dixon advised the court that she was not ready for trial and requested the trial be continued to another date to give her additional time to employ counsel. In the alternative, she requested that she be allowed to proceed at trial without a counsel of record. Defense counsel advised the court that counsel was ready for trial, and objected to the request for a continuance.
The trial court then recounted the procedural history of the litigation, and stated that the court first became aware around October 10, 1994, that the attorney then present in the courtroom with Mrs. Dixon had an interest in possibly enrolling as her counsel. The court had specifically communicated to the attorney that, given the problems in the case, the court would not let Mrs. Dixon try the case without counsel, and would not allow the attorney to enroll and then withdraw, thereby *1215 necessitating another continuance. The court cautioned the attorney that if he enrolled as counsel he would not be allowed to withdraw if the case were called up for jury trial. After giving this background, and given the fact that Mrs. Dixon did not have a lawyer enrolled, the court ruled that she would not be allowed to proceed at trial pro se, and that her case would be dismissed. Judgment was rendered dismissing Mrs. Dixon's cause of action with prejudice and assessing all costs to the plaintiff.[1]

DISCUSSION
On appeal, plaintiffs assert that the trial court erred in refusing to allow self-representation, and in dismissing the case rather than grant a continuance. Because we conclude that the case must be remanded for a jury trial due to the trial court's refusal to allow self-representation, we need not address the issue of whether or not a continuance should have been granted.
The right to self-representation in civil cases is established by statute for all courts of the United States. 28 U.S.C.A. § 1654. Similar statutory authority exists in certain states. For example, in Carr v. Grace (Fla. App.1975), 321 So.2d 618, writ denied, 348 So.2d 945 (Fla.1977), the court concluded that the trial court had erred by imposing a condition in his order that the plaintiff be represented by counsel or be subject to dismissal of her cause, which in fact was dismissed by order of the trial judge.
Although Louisiana statutory law does not directly establish a right of self-representation in civil cases, Louisiana jurisprudence firmly establishes this right. See Teague v. International Paper Company, 420 So.2d 522 (La.App. 2d Cir.1982); Marchand v. Gene Thorpe Finance, Inc., 225 So.2d 485 (La.App. 4th Cir.1969), writ refused, 254 La. 848, 227 So.2d 592 (1969); Scott v. Hunt Oil Company, 152 So.2d 599 (La.App. 2d Cir.1962); and Price v. Taylor, 139 So.2d 230 (La.App. 1st Cir.1962). At the same time, the pro se litigant assumes all responsibility for his own inadequacy and lack of knowledge of procedural and substantive law. Harry Bourg Corporation v. Verrett, 633 So.2d 285 (La.App. 1st Cir.1993); Deville v. Watch Tower Bible and Tract Society, Inc., 503 So.2d 705 (La.App. 3d Cir. 1987); Teague, supra.
Furthermore, we note that while statutory law prohibits the unauthorized practice of law, La.R.S. 37:213, our statutory provisions define the practice of law to include practice in a representative capacity, while specifically stating that nothing in the statute defining the practice of law prohibits a person from attending to and caring for his own business, claims, or demands. La.R.S. 37:212. Finally, we observe that a strong inference in favor of the right of self-representation can be drawn from La. Const. Art. I, § 9, which prohibits laws from impairing the right of a person to petition government for a redress of grievances, and from La. Const. Art. I, § 22, declaring the right of access to our courts.
Based upon the authority discussed above, we conclude that the trial court erred in refusing to allow the right of self-representation in the instant case. Therefore, the dismissal of this case is reversed, and the matter is remanded to the trial court for trial by jury.

CONCLUSION
For the reasons set forth above, the trial court's dismissal is reversed at appellees' costs, and the matter is remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] The trial court judgment referred solely to Mrs. Dixon as plaintiff. While suit was brought by Mrs. Dixon and her husband, apparently only Mrs. Dixon appeared in court and requested permission to proceed in proper person.