DECUIR, Judge.
N. Madro Bandaries, III, through his attorney C.R. Whitehead, III, filed suit for past due wages and commissions against Winnfield Life Insurance Company, Inc., Ben D. Johnson and Johnetta Johnson. Defendants answered the suit. Discovery was propounded by both parties culminating in a motion to compel filed by defendants on December 26, 1989. A ruling on defendants’ motion to compel was rendered on June 15, 1990.
*614 The next filing in the record is plaintiffs interrogatories to defendants filed in proper person on August 28, 1995, more than five years from the date of the ruling on the motion to compel. On September 15, 1995, defendants filed a motion to dismiss on abandonment grounds pursuant to La.Code Civ.P. art. 561. Plaintiffs suit was dismissed ex parte by order dated September 18, 1995.
On February 20, 1996, plaintiff, in proper person, filed a petition for nullity of the judgment of dismissal on the grounds that the five-year period for abandonment had not run because discovery was propounded to defendants on February 20, 1991, and on the grounds that the judgment was obtained through “ill 12practices” pursuant to La.Code Civ.P. arts. 2002 and 2004. Plaintiff claims that these interrogatories, which were not filed in the record, were forwarded to defendants’ counsel of record. Defendants filed peremptory exceptions of no cause of action and res judicata. After a hearing, the district judge issued reasons and rendered judgment granting defendants’ exceptions. Plaintiff appeals.
A review of the transcript of the hearing reveals confusion on the part of the parties and the trial court as to the procedural aspects of the case. Plaintiffs remedy after the initial judgment of dismissal on the grounds of abandonment is to motion the trial court to conduct a hearing on a rule to show cause why the judgment of dismissal should not be vacated and set aside. After an adverse ruling is rendered on the rule to show cause, then plaintiffs remedy is to appeal the judgment on the rule to show cause. Scarborough v. Duke, 514 So.2d 489 (La.App. 3 Cir.1987); Simmons v. Dixon, 306 So.2d 67 (La.App. 1 Cir.1974).
Instead of filing a rule to show cause why the judgment of dismissal should not be vacated, plaintiff in the instant case filed a petition, in the same record, to declare the order of dismissal a nullity alleging fraud and ill practices by defendants, to which were attached a letter of transmittal and interrogatories propounded to defendants on February 20, 1991, and in the alternative, requested a contradictory hearing with an opportunity to present evidence and witnesses. Pursuant to La.Code Civ.P. art. 865, pleadings must be construed so as to afford a litigant his day in court, to arrive at truth, and to do substantial justice. Therefore, plaintiffs petition for nullity should be construed as a rule to show cause why the dismissal should not be vacated. Additionally, when the trial court can reasonably do so, it should maintain a petition against a peremptory exception so as to afford the litigant an opportunity to present his evidence. Kuebler v. Martin, 578 So.2d 113 (La.1991). With regards to an 13exception of no cause of action, the well pleaded facts in the petition and any annexed documents must be accepted as true. Id.
The trial court thereafter set the matter for contradictory hearing stating in the order “so that evidence and witnesses may be presented.” The plaintiff informed the trial judge at the hearing that he was prepared to present testimonial evidence that abatement of the action had not occurred and his previous counsel was present at the hearing to testify. We note that, under La.Code CivJP. art. 1474 and Rule 31 of the Rules of the Tenth Judicial District Court, a party is not required to file original interrogatories with the clerk of court until answered or objected to by the responding party. Therefore, a question of fact does exist as to whether plaintiffs case was properly dismissed. However, despite setting the matter for contradictory hearing, the trial judge denied plaintiff the opportunity to present evidence.
Because the trial court erred in dismissing plaintiffs suit without permitting him the opportunity to present evidence, we reverse and remand to the trial court for an eviden-tiary hearing on the plaintiffs motion to set aside the dismissal of his ease on the grounds of abandonment.
Costs of appeal are assessed to defendants-appellees.
REVERSED AND REMANDED.