758 So.2d 828 (2000)
Belva DOMONTER, et al.
v.
BREAUX BRIDGE PARTNERSHIP.
No. 99-1226.
Court of Appeal of Louisiana, Third Circuit.
February 2, 2000.
Joslyn R. Alex, Alex & Associates, Breaux Bridge, LA, Counsel for Plaintiff/Appellant.
Arthur I. Robison, Allen & Gooch, Lafayette, LA, Counsel for Defendant/Appellee.
Court composed of Judge HENRY L. YELVERTON, Judge JIMMIE C. PETERS, Judge MARC T. AMY.
AMY, Judge.
Defendant filed a motion to dismiss suit on grounds of abandonment, claiming there had been no step in the prosecution or defense of the action for three years. The trial court agreed and rendered a formal order, dismissing the plaintiffs action. Plaintiff filed an appeal with this court, seeking a reversal of the order. For the following reasons, we dismiss this appeal.

Factual and Procedural Background
On August 30, 1994, Belva Domonter, individually, and on behalf of her minor children, filed suit for damages against Breaux Bridge Partnership and XYZ Insurance Company. Subsequently, on June 30, 1999, the defendant, Breaux Bridge Partnership, filed an ex parte Motion to Dismiss Suit on Grounds of Abandonment, *829 asserting that there had been no step in the prosecution or defense of the action since June 27, 1996. The defendant relied on La.Code Civ.P. art. 561, as amended by Acts 1997, 1221, § 1, which reduced the time for abandonment of an action from five years to three years. On July 8, 1999, the trial court signed a formal order dismissing the plaintiffs suit as of June 27, 1999. After being served with the order, the plaintiff filed for an appeal on July 14, 1999, seeking a reversal of the dismissal contending that Article 561 should not be applied retroactively to include this matter, which was filed prior to the amendment.

Discussion
Upon our review of the record, we have determined that the instant matter is not properly before this court on appeal. Accordingly, for the following reasons, we do not reach the merits of plaintiffs appeal.
La.Code Civ.P. art. 561 states, in part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years....
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
In the instant matter, the defendant filed an ex parte motion to dismiss, which the trial court subsequently granted in favor of the defendant. The record reflects that the plaintiff was served with the formal order in accordance with La.Code Civ.P. art. 1313, on July 8, 1999.[1] Thereafter, the plaintiff did not move to set aside the dismissal as set forth in Article 561(B), but, rather, filed a notice of appeal on July 14, 1999.
Louisiana Code of Civil Procedure Article 2083 states:
A. An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, from an interlocutory judgment which may cause irreparable injury, and from a judgment reformed in accordance with a remittitur or additur under Article 1814.
A judgment that determines the merits of an action, in whole or in part, is a final judgment. A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. La.Code Civ.P. art. 1841. Since an ex parte order dismissing an action due to abandonment does not determine the merits of the plaintiffs action, we find that it is an interlocutory judgment. Picone v. Lyons, 618 So.2d 475 (La.App. 4 Cir.1993) citing Simmons v. Dixon, 306 So.2d 67 (La.App. 1 Cir.1974).
A panel of this court explaining the proper procedure when seeking relief from an ex parte order dismissing a suit due to abandonment, stated:
The jurisprudence has held that the remedy available to a party suffering *830 such an ex parte dismissal is to motion the trial court to conduct a hearing on a rule to show cause why the judgment of dismissal should not be vacated and set aside. After an adverse judgment is rendered on the rule to show cause, the trial court thus affirming the dismissal, the party suffering dismissal is then to appeal the judgment of the rule to show cause. Simmons supra at 70, Marchand v. Gene Thorpe Finance, Inc., 225 So.2d 485 (La.App. 4th Cir.) writ denied, 254 La. 848, 227 So.2d 592 (1969).
Scarborough v. Duke, 514 So.2d 489, 490 (La.App. 3 Cir.1987). See also Bandaries v. Winnfield Life Ins. Co., 96-919 (La.App. 3 Cir. 2/5/97); 689 So.2d 613. This jurisprudential concept became statutory law with the 1997 amendment to La.Code Civ.P. art. 561, which is set forth above.
According to La.Code Civ.P. art. 561(A)(2), a plaintiff has thirty days from date of service of the formal order of dismissal in which to move to set aside the dismissal. Thus, once a judgment has been rendered after a contradictory hearing held to determine the validity of the ex parte order, the plaintiff has a final appealable judgment. Conversely, in the instant matter, the plaintiff has appealed the ex parte order prior to moving for a contradictory hearing on a rule to show cause why the ex parte order should not be set aside as allowed by Article 561. Therefore, we conclude that the plaintiff has appealed from an interlocutory judgment, which we find is not appealable in the instant matter because there has been no showing of irreparable injury. Accordingly, we dismiss this appeal.

DECREE
For the foregoing reasons, this appeal is dismissed. All costs of this appeal are assigned to the plaintiff/appellant, Belva Domonter, et al.
APPEAL DISMISSED.
NOTES
[1] La.Code Civ.P. art. 1313 states in pertinent part:

A. Except as otherwise provided by law, every pleading subsequent to the original petition, and every pleading which under express provision of law may be served as provided in this Article, may be served by the sheriff or by:
(1) Mailing a copy thereof to the counsel of record, or if there is no counsel of record, to the adverse party at his last known address, this service being complete upon mailing.