I,,YELVERTON, Judge.
On January 19, 2001, defendant, Dr. Gregory Glowacki, filed a motion to dismiss based on abandonment. On the same day, the trial court signed an order dismissing plaintiffs suit on the basis of abandonment. On February 23, 2001, plaintiff filed a motion for appeal from the judgment dismissing her suit. On April 25, 2001, defendant-appellee, Dr. Gregory Glo-wacki, filed a motion to dismiss plaintiff-appellant’s appeal on the basis that the judgment dismissing plaintiffs suit is an interlocutory non-appealable judgment. Plaintiff-appellant has not responded to the motion to dismiss the appeal.
La.Code Civ. P. art. 561 provides, in pertinent part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, ...
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service of notice to move to set aside the dismissal. However, the trial court may *559 direct that a contradictory hearing be held prior to dismissal.
In Domonter v. Breaux Bridge Partnership, 99-1226 (La.App. 3 Cir. 2/2/00); 758 So.2d 828, the plaintiff filed a motion for appeal from a judgment dismissing her suit on based on abandonment. In Do-monter, supra, after citing La.Code Civ. P. arts. 561 and 2083, this court stated:
... Since an ex parte order dismissing an action due to abandonment does not determine the merits of the plaintiffs action, we find that it is an interlocutory [99 1226 La.App. 3 Cir. 3] judgment. Picone v. Lyons, 618 So.2d 475 (La.App. 4 Cir.1993) citing Simmons v. Dixon, 306 So.2d 67 (La.App. 1 Cir.1974).
A panel of this court explaining the proper procedure Rwhen seeking relief from an ex parte order dismissing a suit due to abandonment, stated:
The jurisprudence has held that the remedy available to a party suffering such an ex parte dismissal is to motion the trial court to conduct a hearing on a rule to show cause why the judgment of dismissal should not be vacated and set aside. After an adverse judgment is rendered on the rule to show cause, the trial court thus affirming the dismissal, the party suffering dismissal is then to appeal the judgment of the rule to show cause. Simmons supra at 70, Marchand v. Gene Thorpe Finance, Inc., 225 So.2d 485 (La.App. 4th Cir.) writ denied, 254 La. 848, 227 So.2d 592 (1969).
Scarborough v. Duke, 514 So.2d 489, 490 (La.App. 3 Cir.1987). See also Bandaries v. Winnfield Life Ins. Co., 96 919 (La.App. 3 Cir. 2/5/97); 689 So.2d 613. This jurisprudential concept became statutory law with the 1997 amendment to La. Code Civ.P. art. 561, which is set forth above.
According to La.Code Civ.P. art. 561(A)(2), a plaintiff has thirty days from date of service of the formal order of dismissal in which to move to set aside the dismissal. Thus, once a judgment has been rendered after a contradictory hearing held to determine the validity of the ex parte order, the plaintiff has a final appealable judgment. Conversely, in the instant matter, the plaintiff has appealed the ex parte order prior to moving for a contradictory hearing on a rule to show cause why the ex parte order should not be set aside as allowed by Article 561. Therefore, we conclude that the plaintiff has appealed from an interlocutory judgment, which we find is not appealable in the instant matter because there has been no showing of irreparable injury. Accordingly, we dismiss this appeal. (Emphasis added.)
In the instant case, rather than moving to set aside the dismissal as provided in La.Code Civ. P. art. 561, plaintiff filed a motion for appeal from the judgment of dismissal. Under Domonter, supra, said judgment is an interlocutory non-appeal-able judgment. Accordingly, defendant-appellee’s motion to dismiss the appeal is hereby granted.

MOTION GRANTED. APPEAL DISMISSED.