830 So.2d 952 (2002)
Elvira ANDERSON o/b/o J.A., Appellant,
v.
SCHOOL BOARD OF SEMINOLE COUNTY, Florida, Appellee.
No. 5D02-1060.
District Court of Appeal of Florida, Fifth District.
November 22, 2002.
Treena Kaye, Sanford, and Robert Hornstein, Gainesville, for Appellant.
Ned N. Julian, Jr., Sanford, for Appellee.
PER CURIAM.
Elvira Anderson appeals a Seminole County School Board Final Administrative Order expelling her daughter for fighting with another student in a school hallway. The Dean of the school who attempted to end the altercation was injured during the fight.
Anderson complains that on Friday afternoon she received notice of the following Monday morning expulsion hearing, that the notice was unreasonable and that it violated procedural due process. She also complains that the expulsion packet received with the notice did not identify the actual charges on which the school was to proceed and did not advise her of due process rights, that is to present evidence, compel the attendance of witnesses, appear with counsel and cross-examine witnesses.
*953 Anderson, however, appeared with her daughter and witnesses at the Monday morning expulsion hearing during which her daughter testified. Due process concerns were not presented during the expulsion hearing and, thus, any objections must be deemed to have been waived precluding the right to raise the issues for the first time on appeal. See, e.g., Castor v. State, 365 So.2d 701 (1978).
Notwithstanding, Anderson argues that she was unaware of her due process rights and that the School Board did not advise her of those rights. Pro se litigants, however, should not be treated differently from litigants in similar situations who are represented by counsel and are charged with knowledge of those rights. E.g., Kohn v. City of Miami Beach, 611 So.2d 538 (Fla. 3d DCA 1992).
Accordingly, we decline the opportunity to consider the alleged errors of the appellee in conducting the expulsion hearing because they were not preserved for appeal.
AFFIRMED.
PETERSON, SAWAYA and PALMER, JJ., concur.