NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-416

MARK SAVOY

VERSUS

ADAM T. PERRY, M.D.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20110700
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and John E. Conery,
Judges.

AFFIRMED.

Alan K. Breaud
Timothy Wayne Basden
Breaud & Meyers
P. O. Box 3448
Lafayette, LA 70502
(337) 266-2200
COUNSEL FOR DEFENDANT/APPELLEE:
    Adam T. Perry, M.D.

**Mark  Savoy**
**Jackson Parish Correctional Center**
**327 Industrial Drive**
**Jonesboro, LA 71251**
**IN PROPER PERSON**

**PETERS, J.**

The plaintiff in this medical malpractice action, Mark Savoy, appeals the trial court's grant of a summary judgment dismissing his suit against the defendant, Dr. Adam T. Perry. For the following reasons, we affirm the trial court's judgment.

## PROCEDURAL HISTORY

Mark Savoy initiated a medical malpractice claim against Dr. Adam T. Perry on January 8, 2010, by filing a complaint with the Louisiana Commissioner of Administration wherein he sought review of his claim by a medical review panel pursuant to La.R.S. 40:1299.47. In his complaint, Mr. Savoy asserted that he first came under the care of Dr. Perry on or about January 29, 2009, for treatment of injuries he had sustained in an automobile accident, and that Dr. Perry had deviated from the accepted standards of medical practice while treating him. The medical review panel considered the issues presented to it and on December 8, 2010, issued a unanimous decision rejecting Mr. Savoy's claims of medical malpractice against Dr. Perry. Mr. Savoy responded to this decision by filing suit against Dr. Perry on February 7, 2011. At that time, Mr. Savoy was represented by legal counsel.

The litigation remained dormant until December 13, 2011, when Mr. Savoy's counsel of record withdrew from representing his client. In his motion to withdraw, Mr. Savoy's counsel noted that his client was then incarcerated in the custody of the Louisiana Department of Corrections (DOC) at the Claiborne Parish Detention Center in Homer, Louisiana. Mr. Savoy has represented himself since that time.

On December 20, 2011, activity occurred in the litigation in the form of interrogatories and requests for production propounded to Mr. Savoy by Dr. Perry.[1]

---

[1] The filings included seventeen interrogatories, six requests for production of documents, and a medical release authorization form.

Mr. Savoy received these filings on December 27, 2011, but took no steps to comply with the discovery requests. Based on his failure to respond, Dr. Perry filed a motion to compel his responses on April 4, 2012.

Although the record contains an order setting the motion to compel for hearing on May 7, 2012, the record contains no evidence that a hearing was ever held. Instead, the next pleading in the record before us is the May 18, 2012 motion for summary judgment filed by Dr. Perry, which is the subject of this appeal. The trial court set this motion for hearing on July 9, 2012.

When the matter was called for hearing on July 9, 2012, Mr. Savoy was not present. Although he did not appear, he had previously forwarded a written response to Dr. Perry's attorney of record acknowledging that he had been served with notice of the hearing date and included the address of the Jonesboro, Louisiana correction facility to which he had been transferred in addition to service information for future pleadings. Mr. Savoy forwarded a copy of this correspondence to the trial court and the clerk of court.

At the opening of the hearing, the trial court noted that it had received information to the effect that Mr. Savoy was in the custody of DOC and was unable to attend the hearing because of the lack of a "transport order." The trial court stated that because Mr. Savoy was not represented by counsel, it was going to give him the opportunity to be present at the hearing. The trial court then reset the hearing on the motion for summary judgment for July 30, 2012.

On July 30, 2012, Mr. Savoy was again not present at the hearing. Counsel for Dr. Perry then offered as support for the motion "all of our exhibits and everything into the record." With that offering, the trial court granted the summary judgment and dismissed Mr. Savoy's claims against Dr. Perry. On the same day,

the trial court executed a written judgment in conformity with the orally rendered judgment.

Mr. Savoy first sought supervisory writ relief, but this court concluded that the summary judgment was appealable pursuant to La.Code Civ.P. arts. 1841 and 2083, and that he had an adequate remedy on appeal. *Savoy v. Perry*, 12-1437 (La.App. 3 Cir. 1/9/13) (unpublished opinion). He then perfected the appeal now before us, asserting three issues for review:

1. Whether or not Petitioner's presence was needed and should he had[sic] been allowed to oppose Respondent's Motion for Summary Judgment at the initial hearing on July 9, 2012.

2. Whether or not Petitioner should [have] been allowed to undergo further discovery since he was unrepresented by counsel.

3. Whether or not the Trial Court erred in granting the Respondent's Motion for Summary Judgment.

**OPINION**

The supreme court in *Samaha v. Rau*, 07-1726, pp. 3-4 (La. 2/26/08), 977 So.2d 880, 882-83 (citations and footnotes omitted), set forth the criteria for appellate reviews of summary judgment as follows:

> A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Duncan v. U.S.A.A. Ins. Co.*, 2006-363 p. 3 (La.11/29/06), 950 So.2d 544, 546, *see* La. C.C.P. art. 966. A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; i.e. whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Wright v. Louisiana Power & Light*, 2006-1181 p. 17 (La.3/9/07), 951 So.2d 1058, 1070; *King v. Parish National Bank*, 2004-0337 p. 7 (La. 10/19/04), 885 So. 2d 540, 545; *Jones v. Estate of Santiago*, 2003-1424 p. 5 (La. 4/14/04), 870 So.2d 1002, 1006.

Additionally, as set forth in *Babin v. Winn-Dixie Louisiana, Inc.*, 00-0078, pp. 3-4 (La. 6/30/00), 764 So.2d 37, 39:

A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ. P. art. 966(B). This article was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action ... The procedure is favored and shall be construed to accomplish these ends." La.Code Civ. P. art. 966(A)(2). In 1997, the legislature enacted La.Code Civ. P. art. 966(C)(2), which further clarified the burden of proof in summary judgment proceedings, providing:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

With these legal rules in mind, we turn to the consideration of Mr. Savoy's assignments of error.

### Assignment of Error Number One

In his first assignment of error, Mr. Savoy asserts that somehow his inability to appear at the July 9, 2012 hearing merits the reversal of the summary judgment subsequently rendered at the July 30, 2012 hearing. We find no merit in this assignment of error. The trial court's action in continuing the July 9 hearing so that Mr. Savoy would have an opportunity to attend the merits hearing renders moot any complaint he may have because he failed to appear at the July 9 hearing.

### Assignment of Error Number Two

In his second assignment of error, Mr. Savoy asserts that he should have been allowed to undergo further discovery before the ruling on the motion for

summary judgment. In considering this assignment of error, we first note that "[i]t is well established that trial courts in Louisiana have broad discretion when regulating pre-trial discovery. This discretion will not be disturbed on appeal absent a clear showing of abuse." *Phillips v. Gibbs*, 10-175, p. 4 (La.App. 4 Cir. 5/21/10), 39 So.3d 795, 798. Additionally, we recognize that Mr. Savoy, even as a *pro se* litigant and an inmate, assumes responsibility for comporting with the procedural and/or substantive laws applicable to his claims.

> Although Louisiana statutory law does not directly establish a right of self-representation in civil cases, Louisiana jurisprudence firmly establishes this right. *See Teague v. International Paper Company*, 420 So.2d 522 (La.App. 2d Cir.1982); *Marchand v. Gene Thorpe Finance, Inc.*, 225 So.2d 485 (La.App. 4th Cir.1969), *writ refused*, 254 La. 848, 227 So.2d 592 (1969); *Scott v. Hunt Oil Company*, 152 So.2d 599 (La.App. 2d Cir.1962); and *Price v. Taylor*, 139 So.2d 230 (La.App. 1st Cir.1962). At the same time, the pro se litigant assumes all responsibility for his own inadequacy and lack of knowledge of procedural and substantive law. *Harry Bourg Corporation v. Verrett*, 633 So.2d 285 (La.App. 1st Cir.1993); *Deville v. Watch Tower Bible and Tract Society, Inc.*, 503 So.2d 705 (La.App. 3d Cir.1987); *Teague, supra.*

*Dixon v. Shuford*, 28,138, p. 4 (La.App. 2 Cir. 4/3/96), 671 So.2d 1213, 1215.

Although Mr. Savoy had not conducted any discovery by the time Dr. Perry filed his motion for summary judgment, he had sufficient time to do so. He filed his original petition for damages on February 7, 2011, and had over ten months for discovery activities before his original attorney withdrew from representation. After that action in December of 2011, he had an additional seven months before the hearing on the motion for summary judgment for discovery. Additionally, the record contains no evidence that Mr. Savoy even requested additional time to conduct discovery.

> A defendant's motion for summary judgment may be made at any time. La. C.C.P. art. 966(A)(1). The motion may be considered even before the parties have completed discovery. *Brooks v. Minnieweather*, 44,624 (La.App.2d Cir.08/19/09), 16 So.3d 1244;

6

> *Humphries v. Cooper Truck Center*, 40,586 (La.App.2d Cir.03/08/06), 923 So.2d 940. It is within the trial court's discretion to render a summary judgment, if appropriate, or to allow further discovery. While parties should be given a fair opportunity to present their claim, there is no absolute right to delay action on a motion for summary judgment until discovery is completed. *Brooks*, *supra; Humphries*, *supra.* The only requirement is that the parties be given a fair opportunity to present their claims and, unless a plaintiff shows probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of material fact. *Id.*

*Johnson v. Littleton*, 45,323, p. 9 (La. App. 2 Cir. 5/19/10), 37 So.3d 542, 548.

We find no merit in this assignment of error.

### *Assignment of Error Number Three*

Finally, Mr. Savoy asserts that the trial court erred in granting Dr. Perry's motion for summary judgment. In reviewing this record pursuant to *Samaha*, 977 So.2d 880, we find no merit in this assignment of error.

Dr. Perry did not have the burden of proof at trial. Therefore, his only burden as the mover in this motion for summary judgment was to establish that Mr. Savoy's claim for medical malpractice lacked factual support in one or more key aspects. La.Code Civ.P. art. 966(C)(2).

Louisiana Revised Statutes 9:2794(A) provides the burden that a plaintiff must meet in a medical malpractice action:

> A. In a malpractice action based on the negligence of a physician licensed under R.S. 37:1261 et seq., a dentist licensed under R.S. 37:751 et seq., an optometrist licensed under R.S. 37:1041 et seq., or a chiropractic physician licensed under R.S. 37:2801 et seq., the plaintiff shall have the burden of proving:

> (1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, dentists, optometrists, or chiropractic physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily

practiced by physicians, dentists, optometrists, or chiropractic physicians within the involved medical specialty.

(2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.

(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.

The claim of negligence on the part of Dr. Perry is not "so obvious that a lay person can infer negligence without the guidance of expert testimony." *Schultz v. Guoth*, 10-343, p. 7 (La. 1/19/11), 57 So.3d 1002, 1007. Therefore, Mr. Savoy was required to establish the applicable standard of care and whether that standard of care was breached through expert testimony. *Id.* Not only did he fail to present any affidavits or expert testimony in support of his claims, but he presented no evidence whatsoever and filed no opposition to the motion for summary judgment. The mere fact that Mr. Savoy sustained an injury does not provide for a presumption of negligence on the part of Dr. Perry. La.R.S. 9:2794(C).

Nor do we find that Mr. Savoy's failure to appear at the July 30, 2011 hearing adversely affects the outcome of that hearing. As an inmate in DOC's custody, Mr. Savoy does not have an absolute right to be present at a hearing. *Taylor v. Broom*, 526 So. 2d 1367 (La.App. 1 Cir. 1988). Louisiana Revised Statutes 15:706(D)(1) requires that a prisoner may apply to the trial court for an order directing that he or she be transported for an appearance at a civil proceeding, but in this case Mr. Savoy made no such request to the trial court.

## DISPOSITION

For the foregoing reasons, we affirm the trial court grant of summary judgment in favor of Dr. Adam T. Perry and against Mark Savoy dismissing his claims against Dr. Perry.  We assess all costs of this appeal to Mark Savoy.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules —Courts of Appeal, Rule 2-16.3.