# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-2015
LT Case No. 2022-30072-CICI

———————————————

JOYCE BAKER,

    Appellant,

    v.

MAX YOKELL, CAROLE YOKELL,
TERRAMAQ CORPORATION, AND
GNG INFINITE SOLUTIONS, LLC,

    Appellees.

———————————————

On appeal from the Circuit Court for Volusia County.
Dennis Craig, Judge.

David W. Glasser, Daytona Beach, for Appellant.

Max Yokell and Carole Yokell, Valrico, pro se.

No Appearance for Other Appellees.

February 20, 2026

PER CURIAM.

Joyce Baker timely appeals the final judgment entered against her and in favor of Max Yokell, Carole Yokell, and GnG Infinite Solutions, LLC, after the trial court granted a directed verdict in favor of the Yokells. We reverse.

I.

Baker is Carole Yokell's mother and Max Yokell's mother-in-law. The dispute in the litigation involved a home previously titled in Baker's name. Baker asserted numerous causes of action against the Yokells, the nature of which are not critical to our disposition of this appeal.

The case proceeded to jury trial at which Baker was represented by counsel and the Yokells appeared pro se. Baker called numerous witnesses who testified at trial and caused a number of exhibits to be admitted into evidence.

After Baker had rested her case-in-chief, the trial court inquired of the Yokells[1] if they were making any motions. They did not. This prompted the court to advise the Yokells that this was the time of the trial at which they could contest the sufficiency of Baker's evidence and inquired if the Yokells wanted to do this. The Yokells again declined, but then indicated they did not understand the court's inquiry. The trial court again advised the Yokells that "now is the time for you to discuss anything about whether [Baker's] case was sufficient or not?"

With this judicial prompting, Max Yokell then stated, "I don't believe [Baker's] case was sufficient." The court then asked if the Yokells were "moving to dismiss," to which they answered, "Yes."

The court then stated that it would treat the Yokells' "motion" as a motion for directed verdict, and it then essentially argued the merits of the "motion" with Baker's counsel. The Yokells provided no other input or argument, but the trial court nevertheless granted them a directed verdict and then entered the final judgment now on appeal. Baker moved for rehearing, which was denied by the court in an unelaborated order without a hearing or response from the Yokells.

---

[1] The other appellee in the case, GnG Infinite Solutions, LLC, was defaulted and did not appear at trial. It has also not participated in this appeal.

2

## II.

To the extent that the Yokells' comment to the trial court that they did not believe that Baker's case was sufficient could be construed as a motion for directed verdict, it did not comply with the requirement of Florida Rule of Civil Procedure 1.480(a) that "[a] motion for a directed verdict shall state the specific grounds therefor." That the Yokells were proceeding pro se is also of no moment because "a party's self-representation does not relieve the party of the obligation to comply with any appropriate rules of civil procedure." *Kohn v. City of Miami Beach*, 611 So. 2d 538, 540 (Fla. 3d DCA 1992) (citing *Carr v. Grace*, 321 So. 2d 618, 618 (Fla. 3d DCA 1975)).

Simply stated, pro se litigants are not to be treated differently from litigants in similar situations who are represented by counsel and are charged with knowledge of those rights. *Anderson v. Sch. Bd. of Seminole Cnty.*, 830 So. 2d 952, 953 (Fla. 5th DCA 2002) (citing *Kohn*, 611 So. 2d at 539). More directly, a litigant's pro se status does not "afford him [or her] rights over and above those afforded to represented litigants." *L.E.B. v. D.D.C.*, 304 So. 3d 54, 58 (Fla. 2d DCA 2020), which is what happened here. The trial court improperly favored the pro se litigants by advocating the dispositive "motion" for directed verdict, to the detriment of the represented party, Baker. *See James v. Crews*, 132 So. 3d 896, 899 (Fla. 1st DCA 2014) (recognizing that "a court 'cannot assist the pro se litigant to the detriment of the opposing party'" (quoting *Barrett v. City of Margate*, 743 So. 2d 1160, 1162 (Fla. 4th DCA 1999))).

Accordingly, we reverse the final judgment and remand for a new trial before a different judge.

REVERSED and REMANDED, with directions.


WALLIS, LAMBERT, and EDWARDS, JJ., concur.

3

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____